IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.C., MR. JAMES COX, MS. MICHELE BASS,<br><br>    Plaintiffs,<br><br>    v.<br><br>QUAKER VALLEY SCHOOL DISTRICT,<br><br>    Defendant. | 2:24-CV-01623-CCW |

## <u>OPINION</u>

Before the Court are cross-Motions for Judgment on the Administrative Record by Plaintiffs C.C., James Cox, and Michele Bass, ECF No. 38, and Quaker Valley School District, ECF No. 36, both of which challenge parts of a decision following a special education administrative due process hearing.  For the reasons set forth below the Court will grant in part and deny in part Plaintiffs' Motion and grant in part and deny in part the District's Motion.

## I.    Background

This case arises from a special education administrative due process proceeding involving the educational program provided by Defendant Quaker Valley School District ("the District") to C.C., a former District student with disabilities, and the remedies, if any, available under the Individuals with Disabilities Education Act ("IDEA") and § 504 of the Rehabilitation Act.[1]  *See* ECF No. 39.  In an August 30, 2024 administrative decision, the hearing officer found that the District had denied C.C. a free appropriate public education ("FAPE"), but declined to award

---

[1] The Court has jurisdiction over Plaintiff's IDEA claim under 20 U.S.C. § 1415(i)(2)(A).  The Court has jurisdiction over Plaintiffs' § 504 claim, which raises a federal question, under 28 U.S.C. § 1331.

compensatory education or other remedial relief.[2]  *See* Exhibit 2[3], hearing officer Final Decision

and Order.  Plaintiffs then filed this action on November 27, 2024, challenging the denial of relief

and seeking attorney's fees.  ECF No. 2.  The parties have now filed cross-Motions for Judgment

on the Administrative Record.  ECF Nos. 36, 38.

At the administrative stage, the parties proceeded on a stipulated record, and the hearing

officer adopted the 213 stipulated facts as his findings of fact.  *See* Exhibit 2;  Exhibit 5, Joint

Stipulations of Fact.  The certified administrative record is extensive, containing thousands of

pages of exhibits and transcripts concerning C.C.'s Individualized Education Programs ("IEPs"),

progress reports, and related educational materials.  Plaintiffs allege that this record demonstrates

"a persistent lack of learning[.]"  ECF No. 39 at 2.

Plaintiffs initiated the administrative proceeding by filing a due process complaint pursuant

to the Office for Dispute Resolution's resolution system on July 6, 2023.  In that complaint,

Plaintiffs alleged that the District

> failed to conduct comprehensive assessments; failed to develop and implement
> appropriate IEP goals; failed to provide appropriate transition programming; and
> attempted to improperly exit [C.C.] from special education; resulting in substantial
> denials of a free, appropriate public education ("FAPE") under both the Individuals
> with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation
> Act of 1973 ("Section 504"). . . . the District acted with deliberate indifference to
> [C.C.'s] communication deficits, failing to implement any communication
> methodology during the entirety of his enrollment.

Exhibit 17, Due Process Complaint at 1.  As examples, Plaintiffs alleged that C.C. never received

a comprehensive evaluation from the District.  *Id.* ¶¶ 10–12.  Plaintiffs further alleged that for a

---

[2] At the time this action was filed, C.C. was 24 years old.  The Court notes that while § 1412(a)(1)(A) limits a district's obligation to provide a FAPE to students between the ages of 3 and 21, "an individual over that age is still eligible for compensatory education for a school district's failure to provide a FAPE prior to the student turning twenty-one." *Ferren C.*, 612 F.3d at 718.

[3] The Court's references to exhibits are to the 17 exhibits comprising the sealed certified administrative record, which the parties provided to the Court in paper form only.  Exhibit 5 of the sealed certified administrative record is the parties' Joint Stipulations of Fact.

period of 13 years, C.C.'s IEPs contained, among others, the same three goals (e.g., C.C. "will develop functional math skills in the school environment"), and that none of these goals related to "evidence-based communication methodology" despite C.C.'s documented communication needs. *Id.* ¶¶ 13–15. Plaintiffs alleged that for a 16-month period in the wake of the COVID-19 pandemic, C.C. received only 30 to 60 minutes of live video instruction per day. *Id.* ¶¶ 39–42. Plaintiffs alleged that these and other deficiencies, taken together, denied C.C. a FAPE.

In the due process complaint, Plaintiffs sought a qualitative, "make-whole" remedy rather than an "hour-for-hour" award. *Id.* at 1. Before the merits hearing, the hearing officer addressed several threshold issues concerning limitations and remedy. *See* ECF No 2-3. Following a September 12, 2023 KOSHK hearing, the hearing officer entered a pre-merits hearing order denying the District's statute-of-limitations argument as moot, declining to determine a "knew or should have known" ("KOSHK") date, and denying the District's laches defense. *Id.* In the same order, the hearing officer noted that the Plaintiffs had confirmed during the hearing that they were seeking a "make-whole" remedy to the exclusion of other forms of compensatory relief. *Id.* at 2. The hearing officer further stated that "[w]hen Parents exclusively demand a make-whole remedy, they must prove what remedy will make the Student whole." *Id.* at 12.

The hearing officer issued his final decision on August 30, 2024, finding that the District had denied C.C. a FAPE. *See* Exhibit 2. No compensatory education or other remedy was awarded. *Id.* The hearing officer analyzed the issue of remedy at length, concluding that because of Plaintiffs' "confounding" "demand for a make-whole remedy to the exclusion of an hour-for-hour remedy," and their failure to establish the amount and type of compensatory education that would make C.C. whole, Plaintiffs are not entitled to compensatory education. *Id.* at 9–15.

The pending cross-Motions challenge different aspects of that decision.  Plaintiffs ask this Court to affirm the FAPE violation finding, but reverse with respect to a remedy and require the District to provide compensatory education and an Independent Educational Evaluation.  ECF No. 38 at 11–12.  They also contend that the hearing officer failed to make adequate findings and failed to provide a proper stand-alone analysis under § 504 of the Rehabilitation Act.  ECF No. 39 at 22–23.  The District, however, argues that no FAPE violation occurred and that Plaintiffs failed to prove entitlement to the make-whole relief they sought.  ECF No. 56 at 1–2.  The District also requests that this Court reverse the hearing officer's pre-hearing determination which rejected the District's laches defense and found that determining a KOSHK date was unnecessary.  *See* ECF No. 38;  ECF No. 2-3;  Exhibit 2.  The Court will address each issue in turn.

## II.     Legal Standard

Under the Individuals with Disabilities Education Act ("IDEA"), any party "aggrieved by the findings and decision" of a state administrative hearing officer may bring suit in state or federal district court.  *See* 20 U.S.C. § 1415(i)(2)(A).  In reviewing the administrative decision, the district court must receive the administrative record, "hear additional evidence at the request of a party[,]" and, "basing its decision on the preponderance of the evidence," grant "such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C).  The party challenging the administrative decision bears the burden of persuasion before the district court as to each claim challenged.  *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 270 (3d Cir. 2012).

The standard of review applicable to state administrative proceedings under the IDEA is "modified *de novo*" review.  *S.H. v. State-Operated Sch. Dist. Of City of Newark*, 336 F.3d 260, 270.  Under the modified *de novo* standard, the district court exercises plenary review over legal conclusions.  *J.H. by & through L.H. v. Rose Tree Media Sch. Dist.*, No. 17-4766, 2018 WL

4405890, at *2 (E.D. Pa. Sept. 17, 2018). Factual findings from the administrative proceedings, however, "are to be considered prima facie correct." *S.H.*, 336 F.3d at 270. Accordingly, district courts must give "due weight" to the hearing officer's factual findings. *Id.* at 269–70. The Third Circuit has explained that this "due weight" standard requires a reviewing court to defer to the hearing officer's factual findings "unless it can point to contrary nontestimonial extrinsic evidence on the record." *Id.* at 270.

Where the reviewing court hears additional evidence, it is "free to accept or reject the agency findings depending on whether those findings are supported by the new, expanded record and whether they are consistent with the requirements of the Act." *Id.* (quoting *Oberti v. Bd. of Education of the Borough of the Clementon Sch. District*, 995 F.2d 1204, 1220 (3d Cir. 1993)).

Accordingly, in resolving the parties' cross-motions for judgment on the administrative record, the Court applies modified *de novo* review to claims under the IDEA, exercising plenary review over legal issues, and affording due weight to the hearing officer's factual determinations. To the extent Plaintiffs bring a claim under § 504 of the Rehabilitation Act, the Court addresses it separately and without applying IDEA modified *de novo* deference. *Le Pape v. Lower Merion Sch. Dist.*, 103 F.4th 966, 983 (3d Cir. 2024).

## III.   Discussion

### A.   The Court Affirms the Hearing Officer's Finding that a FAPE Violation Under the IDEA Occurred

The District contends that the administrative hearing officer erred in finding that the District violated C.C.'s right to a free appropriate public education ("FAPE") under the IDEA. *See* ECF No. 37. The District argues that the hearing officer incorrectly based his determination on the District's alleged failure to provide effective means of communication for C.C. *Id.* at 12–16.

Plaintiffs disagree, and argue that the hearing officer's finding of a FAPE violation should be upheld. ECF No. 39 at 7.

The IDEA requires school districts to provide a "free appropriate public education" to all children with disabilities between the ages of three and twenty-one through "individualized education program[s]" or IEPs. 20 U.S.C. §§ 1401(9)(D), 1412(a)(1). The IDEA "guarantees a substantively adequate program of education to all eligible children[,]" and therefore requires that IEPs be "reasonably calculated to enable the child to receive educational benefits." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 386 (2017) (quoting *Board of Ed. of Hendrick Hudson Central Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 177 (1982)). While "[t]he IDEA does not require a FAPE to be a perfect or ideal education[,]" *N.P. by & through C.P. v. Pleasant Valley Sch. Dist.*, No. 3:22-CV-00843, 2023 WL 6429796, at \*3 (M.D. Pa. Sept. 30, 2023), an IEP "must confer a meaningful benefit to the student and that benefit must be substantial." *Ruari C. by & through Ronan C. v. Pennsbury Sch. Dist.*, No. 22-4080, 2023 WL 5339603, at \*5 (E.D. Pa. Aug. 18, 2023), *aff'd*, No. 23-2702, 2024 WL 3633700 (3d Cir. Aug. 2, 2024).

Here, the Court will affirm the hearing officer's finding that the District denied C.C. a FAPE. The Court affords due weight to the hearing officer's factual findings, in the absence of contrary nontestimonial extrinsic evidence. *S.H.*, 336 F.3d at 270. On this record, the hearing officer reasonably concluded that the District failed to provide a program reasonably calculated to enable C.C. to make appropriate progress in light of his circumstances. *See Endrew*, 580 U.S. at 386. For instance, the record suggests that the District failed to adequately address a central feature of C.C.'s disability: his inability to communicate. *See* Exhibit 2 at 15–17. C.C.'s IEPs contained goals that remained unchanged for a period of over 10 years, despite a consistent failure to achieve

those goals.  Exhibit 9 (showing C.C.'s IEPs and goals contained therein);  Exhibit 5 ¶¶ 10(a), 19, 83, 91, 104, 205;  ECF Nos. 39-1–39-11.[4]  While the District recognized communication as a primary area of need in an October 2008 IEP, the record reflects that communication goals were not adjusted in response to C.C.'s failure to make meaningful progress in this area.  *See* Exhibit 9. Thus, the record as a whole supports the hearing officer's conclusion that the District failed to provide C.C. a FAPE.  *See* Exhibit 2 at 15–17.  The District disputes this conclusion, but it does not identify record evidence sufficient to displace the hearing officer's factual determinations under the governing modified *de novo* standard of review.  ECF No. 56 at 2.  The Court concludes that the IEPs provided by the District were not reasonably calculated to enable C.C. to receive educational benefits, and failed to confer a meaningful or substantial benefit upon C.C.  *Endrew*, 580 U.S. at 386;  *Ruari C.*, 2023 WL 5339603, at *5.  Accordingly, the Court will affirm the hearing officer's determination that the District denied C.C. a FAPE.

B.    **Plaintiffs Have Failed to Demonstrate That They Are Entitled to a Make-Whole Remedy Under the IDEA**

To resolve claims brought under the IDEA, courts must "grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C)(iii).  "The relief granted by courts under § 1415(i)(2)(C)(iii) is primarily compensatory education[,]" which is a judicially created remedy intended to "compensate [the student] for rights the district already denied . . . because the School District violated [the] statutory rights while [the student] was still entitled to them."  *Ferren C. v. Sch. Dist. of Philadelphia*, 612 F.3d 712, 717 (3d Cir. 2010) (quoting *Lester H. v. Gilhool*, 916

---

[4] ECF Nos. 39-1 through 39-11 contain visual representations of C.C.'s progress in metrics such as reading comprehension and accurate math computation.  The certified administrative record exceeds 2,000 pages.  Given the size of that record, the Court finds it reasonable to refer to the Plaintiffs' charts as summary aids to the extent they compile underlying numerical data already contained in the record.  *See* Fed R. Evid. 1006(a).  The Court refers to these charts only to extent that they reflect the underlying numerical data.  The Court does not rely on any accompanying descriptions, characterizations, or summaries appearing in the charts.

F.2d 865, 872 (3d Cir. 1990). "In fashioning discretionary equitable relief under the IDEA, a court must 'consider all relevant factors.'" *Id.* at 718. Courts within the Circuit have developed two methods for calculating the amount of compensatory education that should be awarded to remedy substantive denials of FAPE: 1) the "hour-for-hour" method, and 2) the "make whole" approach. *Mobley v. Lab'y Charter Sch.*, No. 24-2267, 2025 WL 2621303, at *15 (E.D. Pa. Sept. 11, 2025). Under the "hour-for-hour" theory, "a disabled child is entitled to compensatory education for a period equal to the period of deprivation, but excluding the time reasonably required for the school district to rectify the problem." *M.C. ex rel. J.C. v. Cent. Reg'l Sch. Dist.*, 81 F.3d 389, 397 (3d Cir. 1996). The "make whole" remedy, on the other hand, consists of an award of compensatory education "to whatever extent necessary to make up for the child's lost progress and to restore the child to the educational path he or she would have traveled but for the deprivation." *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 625 (3d Cir. 2015). Fashioning the appropriate relief following a finding of a FAPE violation is a "fact-specific analysis[,]" *Jana K. ex rel. Tim K. v. Annville-Cleona Sch. Dist.*, 39 F. Supp. 3d 584, 607 (M.D. Pa. 2014), "determined on a case-by-case basis." *D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 498 (3d Cir. 2012).

A party seeking relief in a special education due process hearing challenging an IEP bears the burden of proving entitlement to the requested relief. *Schaffer v. Weast*, 546 U.S. 49 (2005). The IDEA does not explicitly assign the burden of persuasion. Accordingly, in *Schaffer v. Weast*, 546 U.S. 49 (2005), the Supreme Court applied the ordinary default rule that "plaintiffs bear the risk of failing to prove their claims" and that plaintiffs bear the burden of persuasion "regarding the essential aspects of their claims." *Id.* at 56–57. The Court therefore held that, absent a contrary statutory command in the text of the IDEA, "the burden of persuasion lies where it usually falls, upon the party seeking relief." *Id.* at 58. Although *Schaffer* addressed that rule in the context of

8

a liability determination, the Court described the burden more broadly as extending to the "essential aspects" of the claim. *Id.* at 57. Where a party seeks a particular remedy, that reasoning supports placing on that party the burden to show that the requested relief is warranted. *See Jana K.*, 39 F. Supp. 3d at 594 ("As the party challenging the administrative decision bears the burden of persuasion, Plaintiffs bear the burden with regard to the amount of compensatory education awarded[.]") (citing *Ridley*, 680 F.3d at 270).

Here, the Court will affirm the hearing officer's denial of compensatory education. Plaintiffs chose to pursue only a make-whole remedy, to the exclusion of all other forms of remedy. ECF No. 2-3 at 2. Plaintiffs' election to pursue only make-whole relief required them to prove what remedy would restore C.C. to the educational position he would have occupied absent the denial of a FAPE. *See Schaffer v. Weast*, 546 U.S. 49 at 56–58; *Jana K.*, 39 F. Supp. 3d at 594. The hearing officer expressly advised Plaintiffs of that consequence prior to the administrative due process hearing. ECF No. 2-3 at 2. Even so, Plaintiffs offered no expert or other evidence establishing either the educational trajectory C.C. lost, or the services needed to make him whole. Given this lack of showing, under the modified *de novo* standard, the Court concludes that the hearing officer did not err in declining to award compensatory education. In his order, the hearing officer acknowledges "there is ample evidence in the record to support" an award of an hour-for-hour remedy. Exhibit 2 at 14. However, in seeking a make-whole remedy alone, establishing what relief would restore C.C. to the position he would have occupied absent the violation was an essential part of Plaintiffs' showing, necessary to obtain the relief sought. *See Schaffer v. Weast*, 546 U.S. 49 at 56–58. Plaintiffs made no such showing. Accordingly, the Court concludes that the hearing officer did not err in denying compensatory education or other further remedial relief.

### C.    Alleged Defects in the Hearing Officer's § 504 Analysis Are Insufficient to Warrant Remand

Plaintiffs also seek relief under § 504 of the Rehabilitation Act, 29 U.S.C. § 794. They argue that remand is required because the hearing officer "treated § 504 as duplicative of IDEA" and "issued no stand-alone findings" under § 504. ECF No. 39 at 23. The Court addresses Plaintiffs' § 504 arguments separately because the IDEA and the Rehabilitation Act are distinct statutes, and a court may not assume that resolution of an IDEA claim always disposes of a parallel § 504 claim. *B. S. M. v. Upper Darby Sch. Dist.*, 103 F.4th 956, 959, 965 (3d Cir. 2024) (vacating the district court's decision where it stated that "having analyzed [the plaintiff's] claim under the IDEA, it need not separately analyze it under Section 504."). However, "[d]epending on the factual basis for a denial-of-FAPE claim, the legal differences between the IDEA and § 504 may be of no moment." *J.M. v. Summit City Bd. of Educ.*, 39 F.4th 126, 147 (3d Cir. 2022).

Here, no remand or additional analysis under § 504 is warranted. For the reasons already discussed, the Court will affirm the hearing officer's determination under the IDEA and will also affirm the conclusion that no further remedy is appropriate on the record presented. Plaintiffs do not identify any materially distinct factual basis, legal theory, or remedial consequence under § 504 that would require a different conclusion. Instead, Plaintiffs' § 504 arguments focus on the hearing officer's alleged failure to set out an independent § 504 discussion. ECF No. 39 at 22–23. Defendant correctly responds that the decision did include a legal discussion of § 504. ECF No. 56 at 11; Exhibit 2 at 17–19. Plaintiffs cite no authority requiring a hearing officer to issue a wholly separate set of factual findings where the same record underlies both the IDEA and § 504 claims. Plaintiffs further argue that the Pennsylvania Department of Education's allegedly insufficient website materials and the hearing officer's passing references to the ADA warrant remand under § 504. ECF No. 39 at 22–23. The Court does not agree. Accordingly, even giving

§ 504 independent consideration, the Court concludes that any deficiency in the hearing officer's treatment of that claim would not change the outcome or the relief warranted on the record.

### D.    This Court Need Not Make a KOSHK Determination

In a pre-hearing order, the hearing officer denied the District's motions to dismiss on statute of limitations and doctrine of laches grounds. *See* ECF No. 2-3. The parties challenge those conclusions. The Court will address each issue below.

The parties devote substantial attention to the hearing officer's failure to determine a precise Knew or Should Have Known ("KOSHK") date. The IDEA "requires parents to file a due process complaint no more than two years after the parents 'knew or should have known' about the alleged deprivation, that is, within two years of the reasonable discovery of that violation." *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 604 (3d Cir. 2015); 20 U.S.C. § 1415(f)(3)(C). Invoking *G.L.*, Plaintiffs argue that the hearing officer's refusal to ascertain the KOSHK date was a "substantive and structural error of law" which "prevented meaningful and full application of the substantive FAPE standards." ECF No. 39 at 11–12. The District similarly argues that the hearing officer should have made a KOSHK finding, but also argues that the KOSHK date in the present case should have rendered Plaintiff's initial complaint untimely. ECF No. 37 at 18. But neither the IDEA nor *G.L.* requires a precise KOSHK finding in every case. Here, the Court need not resolve the parties' dispute as to the KOSHK date and its consequences. Even assuming Plaintiffs' complaint was timely under the IDEA, the Court has concluded that Plaintiffs did not establish entitlement to the make-whole compensatory education sought by the Plaintiffs. Accordingly, the absence of a precise KOSHK finding does not alter the outcome here.

11

> **E.** **This Court Will Affirm the Hearing Officer's Rejection of the District's Laches Defense**

The District further argues that the hearing officer erred in rejecting its laches defense and that this conclusion should be reversed. ECF No. 56 at 2. Laches, however, bears only on whether otherwise-available relief should be curtailed. *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 393 F. Supp. 2d 348, 357 (W.D. Pa. 2005) (citing *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3rd Cir. 2005) ("Laches can bar equitable remedies if the Defendant can show inexcusable delay and prejudice to the Defendant as a result of the delay."). Because Plaintiffs have not shown entitlement to compensatory education, the Court need not determine whether the hearing officer should have sustained the District's laches defense, as any such error would not warrant a different outcome here.

## IV. Plaintiffs Are Not Entitled to Attorney's Fees

Plaintiffs also request attorney's fees and costs in their prayer for relief. ECF No. 38 at 12; ECF No. 39 at 25. Under the IDEA, attorney's fees may be awarded only to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties." *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006), *as amended* (Apr. 27, 2006), *as amended* (May 16, 2006) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). A decision materially alters the relationship between the parties when it "modif[ies] the defendant's behavior in a way that directly benefits the plaintiff." *Id.* (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 251 (3d Cir. 1999), *superseded by statute on other grounds*. Here, however, the Court need not determine the prevailing-party status of the parties. Plaintiffs have neither filed a motion for attorney's fees nor presented briefing as to why they are entitled to attorney's fees. Instead, Plaintiffs include a

12

cursory request for attorney's fees in their prayer for relief.  ECF No. 38 at 12;  ECF No. 39 at 25. The Court therefore will deny Plaintiffs' present request for attorney's fees and costs without prejudice.

## V.      Conclusion

For the foregoing reasons, Plaintiffs' Motion, ECF No. 38, will be granted in part and denied in part, and the District's Motion, ECF No. 36, will likewise be granted in part and denied in part.  The Court will affirm the hearing officer's determination that the District denied C.C. a FAPE under the IDEA.  The Court will also affirm the hearing officer's denial of Plaintiffs' claims for compensatory education in the form of a "make-whole" remedy and decline to award Plaintiffs additional relief.  The Court declines the parties' request to remand this case to ascertain a KOSHK date, and affirms the hearing officer's rejection of the District's laches defense.

DATED this 15th day of May, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

13